**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURA ALEXIS,<br><br>        Plaintiff,<br><br>    v.<br><br>NICOLAS CONTRERAS, et al.;<br><br>        Defendants. | Case No.: 25-cv-1625-DMS-DDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM** |

On June 26, 2025, Plaintiff Laura Alexis, proceeding pro se, filed a Complaint against public officials, court agents, and other individuals for alleged violations of the American with Disabilities Act ("ADA"). (Plaintiff's Complaint ("Compl."), ECF No. 1). Plaintiff concurrently filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2).

## I.     MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a); Civil Local Rule 4.5. The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include

a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). "To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life." *Soldani v. Comm'r of Soc. Sec.*, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019).

Plaintiff's affidavit of assets is sufficient to show she is unable to pay the filing fee. Accordingly, this Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See Beasley v. San Diego Cnty. Sheriff's Dep't*, 2023 WL 4918306, at *1 (S.D. Cal. Aug. 1, 2023) (declining to impose partial filing fee due to defendant's inability to pay).

## II.    SUA SPONTE SCREENING

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court. "[T]he court shall dismiss" a case filed IFP "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in it, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  When a judge assesses plausibility, he must draw on "judicial experience and common sense." *Id.* at 664.

Rule 8 may be violated when a pleading "says too little," or when it "says too much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  "[T]he pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8.  *See Cafasso v. Gen. Dynamics C4 Sys*., 637 F.3d 1047, 1058–59 (9th Cir. 2011) (collecting cases upholding dismissals for those reasons).

Plaintiff has failed to satisfy the Rule 8 pleading standard.  While Plaintiff references the ADA as the basis of her Complaint, her timeline of events is disjointed and difficult to follow.  (Compl. 3–7) ("dates" are separated by alleged "violations").  It is unclear which individuals in her timeline are being sued and which facts are relevant to her ADA claims.  As pleaded, Plaintiff's Complaint does not afford Defendants a fair opportunity to defend themselves.  Although Plaintiff fears retaliation, there must be sufficient factual content for the case to proceed.  Accordingly, Plaintiff's Complaint is **DISMISSED** without prejudice.

### III.   CONCLUSION AND ORDER

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion to Proceed IFP; and **DISMISSES** the Complaint without prejudice pursuant to the mandatory screening required by 28 U.S.C. § 1915(e)(2) for failure to state a claim.  Within forty-five (45) days of the date of this Order, Plaintiff may file an amended complaint.  If Plaintiff files an amended complaint, she must present facts sufficient to plausibly allege her ADA causes of action.  *See Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (explaining that Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case").

**IT IS SO ORDERED.**

Dated: June 30, 2025

_____
Hon. Dana M. Sabraw
United States District Judge